UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| FASHION SHOP OF KENTUCKY, INC. | ) | CASE NO.: 06-31697(1)(11) |
| | ) | |
| Debtor(s) | ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Application for Compensation for Retail Consulting Services, Inc. ("RCS") as Financial Advisors of Debtor Fashion Shop of Kentucky, Inc. ("Debtor") (the "Application"), the Limited Objection of Creditor Padma's Plantation ("Padma") and the Objection of Cadle Company II, Inc. ("Cadle"). The Court considered the written submissions and the arguments of counsel at the hearing held February 27, 2007. For the following reasons, the Court will **GRANT** the Application of RCS.

## LEGAL ANALYSIS

RCS was approved to serve as financial advisor to the Debtor by an Order entered September 11, 2006. The Application seeks payment of $55,000 for professional services rendered and $576.00 for expenses. Attached to the Application is the invoice of RCS to the Debtor which reflects a flat monthly rate of $5,000 for July 2006 and $10,000 per month for the months August through December 2006. A $25,000 pre-petition retainer is reflected as a credit on the bill.

Two creditors, Cadle and Padma, filed objections to the Application of RCS. Cadle objects to the Application as containing insufficient detail as to the reasonableness or necessity of the work performed by RCS because the Application contains no supporting time entries. Padma simply objects to RCS being paid prior to its own administrative expense claim asserted under 11 U.S.C. §503(b)(9).

RCS' employment was approved by this Court by Order dated September 11, 2006. That Order was based on the Debtor's Application seeking approval of RCS' employment ("Employment Application") filed on August 16, 2006. The Employment Application and the Order clearly set forth that the employment was sought and approved pursuant to 11 U.S.C. §327(a). The Employment Application was supported by the Affidavit of RCS President Ivan L. Friedman, which stated that the company's customary monthly fee was $10,000. Mr. Friedman also testified at the hearing in this matter that it is not ordinary, customary or practical in his business to maintain detailed time records for his services.

The employment of professionals and payment of their fees are always subject to this Court's approval and oversight. However, the Employment Application and Order at bar were not sought or approved under 11 U.S.C. §330. RCS' fees therefore, are not subject to the detailed analysis required under 11 U.S.C. §330.

Section 328 provides that the Court may approve employment of a professional under 11 U.S.C. §327 on any reasonable terms and conditions, including a fixed fee. The testimony at the hearing fully supported the reasonableness of the terms of RCS' employment and its current fee application. The Application meets the requirements of the Bankruptcy Code and the objection of Cadle is overruled.

The Court finds some merit to Padma's objection in that RCS has not set forth statutory support for its entitlement to be paid ahead of other administrative claims. Nevertheless, 11 U.S.C. §331 permits a professional employed under §327 to such interim compensation every 120 days, a claim Padma is not entitled to assert.

Thus, while RCS did not state its claim for interim compensation under 11 U.S.C. §331, the Court finds it may be paid accordingly. This Court routinely awards interim compensation to professionals for less than 100% of their claim in the event there are insufficient funds available for other administrative claims. Therefore, the Court will award RCS interim compensation of 80% of the requested amount with the remaining 20% to be paid upon final application and approval by the Court at the conclusion of the case.

## CONCLUSION

For all of the above reasons, the Application for Compensation for Retail Consulting Services, Inc. of Debtor Fashion Shop of Kentucky, Incorporated is **APPROVED**. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

## UNITED STATES BANKRUPTCY COURT
## FOR THE
## WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| FASHION SHOP OF KENTUCKY, INC. | ) | CASE NO.: 06-31697(1)(11) |
| | ) | |
| Debtor(s) | ) | |

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Application for Compensation for Retail Consulting Services, Inc. as Financial Advisor to the Debtor be, and hereby is, **APPROVED** in the amount of $40,460.80 for professional services and expenses. The remaining 20% of the requested amount is withheld pending approval of a final fee application. The claim is to be paid in accordance with 11 U.S.C. §503.