UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08CV-58-H

| | |
|---|---|
| THE CADLE COMPANY II, INC. | APPELLANT |
| V. | |
| FASHION SHOP OF KENTUCKY, INC. | APPELLEE |

MISC. ACTION NO. 3:07MC-23-H

| | |
|---|---|
| THE CADLE COMPANY II, INC. | PLAINTIFF |
| V. | |
| FASHION SHOP OF KENTUCKY, INC. | DEFENDANT |

**MEMORANDUM OPINION AND ORDER**

Appellant, Cadle Company II, Inc., has appealed the Bankruptcy Court's approval of a fee application presented by Retail Consulting Services, Inc. ("RCS"). Appellant argues that nothing in the record supports approval of the fees or the court's order granting pre-approved RCS's services under 11 U.S.C. § 328. Appellee has responded with a number of procedural objections as well as its principle argument that the Bankruptcy Court did not abuse its discretion in approving the fees. On this appeal, the Court reviews the Bankruptcy Court's orders for mistakes of law or an abuse of discretion in resolving factual issues. For the reasons that follow, the Court finds neither and dismisses this appeal.

I.

On July 10, 2006, Fashion Shop filed a Chapter 11 Voluntary Petition that was accompanied by a series of emergency motions to allow it to continue its operations. On August

16, 2006, Fashion Shop filed its application to employ RCS under its contract terms. At the time, Appellant was not a party. However, no other party objected and the Bankruptcy Court approved the motion on September 11, 2006. Subsequently, the Bankruptcy Court approved the payment of specific RCS invoices. For instance, on December 26, 2006, Fashion Shop submitted another application for compensation for RCS. Appellant objected to it on the grounds that it lacked the basic information (adequate time entries with any detailed description of the services performed) or the detail of how RCS's services benefitted Fashion Shop's estate as 11 U.S.C. § 330 requires. By Memorandum and Order dated March 14, 2007, the Bankruptcy Court overruled Cadle's objection based upon its conclusion that 11 U.S.C. § 330 review was inapplicable because the court had previously approved the terms and conditions of RCS's employment under 11 U.S.C. § 328. On June 8, 2007, Fashion Shop submitted another application for compensation for RCS. On July 2, 2007, Cadle filed its objection for compensation which was denied by Order dated July 31, 2007.

Without filing a final fee application, on November 6, 2007, Fashion Shop moved to dismiss the bankruptcy proceeding by conceding that "[Fashion Shop was] unable to effectuate a feasible Plan of Reorganization," which was granted by Order dated November 27, 2007. On December 5, 2007, the Appellant timely filed its Notice of Appeal seeking the review of the above cited interim orders allowing compensation to RCS.

II.

The central question here is whether the Bankruptcy Court abused its discretion when it determined that it had pre-approved RCS's service contract. The Court has considered the memorandum of counsel and has heard argument. The Court concludes that the Bankruptcy

2

Court did properly pre-approve the RCS consulting contract pursuant to 11 U.S.C. § 328. The Court has three primary reasons for this conclusion.

A.

In September, 2006, no party objected when the Fashion Shop made its original request for approval of the RCS consulting contract. Perhaps as a consequence, the court was less than precise about the statutory grounds for that approval. Five months later, when the Bankruptcy Court considered a subsequent fee application, Appellant, now a party to the bankruptcy proceedings, did object, arguing that § 330 analysis was required. The Bankruptcy Court considered all of this in a memorandum opinion and order dated March 14, 2007, which clarified the September 2006 pre-approval of RCS's fee arrangement:

> The employment of professionals and payment of their fees are always subject to this Court's approval and oversight. However, the Employment Application and Order at bar were not sought or approved under 11 U.S.C. §330. RCS' fees therefore, are not subject to the detailed analysis required under 11 U.S.C. § 330.
>
> Section 328 provides that the Court may approve employment of a professional under 11 U.S.C. §327 on any reasonable terms and conditions, including a fixed fee. The testimony at the hearing fully supported the reasonableness of the terms of RCS' employment and its current fee application. The Application meets the requirements of the Bankruptcy Code and the objection of Cadle is overruled.

*In re Fashion Shop*, 364 B.R. 283, 284-85 (Bkrtcy. W.D. Ky. 2007).

This Court does not believe that the Bankruptcy Court abused its discretion by clarifying and amplifying upon its prior order approving the RCS consulting contract. Indeed, for the reasons that follow, the clarification seems reasonable under the circumstances.

B.

The Bankruptcy Court had already approved the RCS contract and payment pursuant to its terms. The monthly retainer arrangement is a standard method of payment for such consultants. It is not the type of contract which normally would require an itemized billing. This type of monthly retainer, therefore, is consistent with the § 328 pre-approval.

As to the subsequent monthly invoices, the bankruptcy judge was familiar with the case and with the work RCS had performed, including testimony in court. Consequently, the court had a sound basis for determining whether the payments were reasonable and appropriate. Appellant offered no real evidence to the contrary. It only argues that RCS did not provide adequate documentation of its work. Because the court was aware of RCS's work, however, specific documentation was not necessary. Absent evidence to the contrary, this is enough to support the original contract approval under § 328 as well as approval of subsequent payments.

C.

The parties argue the respect merits and meanings of *In re Amerispect Air*, 385 F.3d 915 (6th Cir. 2004). The Sixth Circuit held that whether a bankruptcy court had "pre-approved" a fee arrangement should be determined by the totality of the circumstances. *Id.* at 922. The Bankruptcy Court's last ruling in *Amerispect* was to deny § 328 approval. The BAP had disagreed. The Sixth Circuit ultimately upheld the Bankruptcy Court's interpretation of its own rulings, which in that instance meant that subsequent requests required § 330 approval. *Id.* at 921-22.

In *Amerispec*, the Sixth Circuit supported the Bankruptcy Court's discretion to determine whether § 330 or § 328 approval was more appropriate. There are ample reasons to follow the same logic here. In *Amerispec*, the contingent fee contract was not for a specific amount; here,

4

the amounts were a lump sum known in advance.  Unlike *Amerispec*, the type of arrangement here would not require additional specific documentation.  The Bankruptcy Court would only need to confirm that RCS was still performing some service.  Once objection was raised, unlike *Amerispec*, the Bankruptcy Court here did specifically reference § 328.  That the court also approved the subsequent specific monthly payments does not suggest the invalidity of its earlier § 328 approval.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the decisions of the Bankruptcy Court are AFFIRMED and this appeal is DISMISSED WITH PREJUDICE.

This is a final order.

cc:   Counsel of Record & Bankruptcy Court