UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| FASHION SHOP OF KENTUCKY, INC. | ) | CASE NO.: 06-31697(1)(11) |
| | ) | |
| Debtor(s) | ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Motion *in Limine* No. 1 of The Cadle Company II, Inc. ("Cadle"). The Court reviewed Cadle's Motion, the Objection to the Motion *in Limine* filed by RCS and Cadle's Reply to Objection to Motion *in Limine* of Cadle. The Court also reviewed the Motion for Sanctions filed by Debtor and RCS and Cadle's Response to the Motion for Sanctions as well as the comments of counsel for both parties at the hearing held on the Motion *In Limine*.

## FACTUAL AND PROCEDURAL BACKGROUND

This Chapter 11 case has a long procedural history and the Court will discuss only those matters relevant to the current matter under submission before the Court.

On February 3, 2010, following entry of an Opinion by the Sixth Circuit Court of Appeals affirming the United States District Court's Opinion which affirmed this Court's Opinion regarding an Application for Compensation for RCS, Debtor filed a Motion to Reopen this bankruptcy.

Along with the Motion to Reopen the bankruptcy, Debtor and RCS filed a Motion for Sanctions against Cadle. The Motion for Sanctions was made pursuant to 11 U.S.C. §105 and Fed. R. Bankr. P. 9020 based on Cadle's alleged meritless filings and appeals. The Motion was specifically directed at Cadle's filings in connection with its challenges to the Fee Application of RCS, the Debtor's Court approved financial advisor. The Court granted Debtor's Application to pay

RCS, a decision that Cadle appealed to the United States District Court and subsequently the Sixth Circuit Court of Appeals, losing on the merits on both appeals.

In the Motion for Sanctions filed by Debtor and RCS after this case was reopened, RCS and Debtor seek recovery of their attorneys' fees due to Cadle's "pattern of meritless filings and appeals aimed solely at coercing Movants into settling for a nuisance value." Debtor sought $17,060 as a sanction and RCS sought $19,887.01 representing their attorneys' fees in connection with the appeals. RCS did not incur attorneys' fees in connection with litigation before this Court.

On March 2, 2010, this Court issued an Order setting Debtor and RCS' Motion for Sanctions for an evidentiary hearing.

On May 5, 2010, Cadle filed its four part Motion *in Limine*, Part 1 of which seeks the exclusion of all evidence regarding Cadle's appeals, the entirety of RCS Exhibit 1 and all pleadings in connection with Cadle's appeals, RCS Exhibit 4.

On May 11, 2010, only RCS filed an Objection to the Motion *in Limine* indicating that this Court could use Rule 9011 to sanction Cadle for frivolous appeals and its litigation tactics before this Court under 11 U.S.C. §105.

On May 12, 2010, Cadle filed its Reply to RCS' Objection to Part 1 of Cadle's Motion *in Limine*.

## LEGAL ANALYSIS

Cadle's Motion *in Limine* No. 1 seeks a ruling from this Court excluding all testimony and evidence concerning Cadle's appeals before the District Court and the Sixth Circuit Court of Appeals, including the pleadings from those appeals in this case. These documents are identified as RCS Exhibit 1 and RCS Exhibit 4. It is significant to the Court that Debtor no longer seeks the

relief requested in the Motion for Sanctions it filed jointly with RCS.  In that Motion, both RCS and Debtor sought recovery of their attorneys' fees under 11 U.S.C. §105 and Fed. R. Bankr. P. 9020 for meritless filings and appeals.  RCS is now prosecuting the Motion for Sanctions in its sole capacity.  Only RCS has complied with the evidentiary Order issued by this Court in response to the Motion for Sanctions.

Under well established authority, this Court lacks authority to award attorneys' fees incurred in connection with an appeal as a sanction.  Webster v. Sowders, 846 F.2d 1032, 1040 (6th Cir. 1988); Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 409 (1990) ("Rule 11 does not authorize a district court to award attorney's fees incurred on appeal.").  The sanction statutes, the rules and case law provide a clear line between conduct on appeal sanctionable by the court of appeals and conduct in the trial court sanctionable by the trial court.  See, 28 U.S.C. §1912, Fed. R. App. P. 38 and Fed. R. Bankr. P. 8020, 9011 and 9014.

Under Rule 8020 of the Federal Rules of Bankruptcy Procedure, if a district court or bankruptcy appellate panel determines that an appeal from an order, judgment or decree of a bankruptcy judge is frivolous, it may after a separately filed motion or notice from the district court or appellate panel award damages and single or double costs to the appellee.  In re Schachtele, 343 B.R. 661 (B.A.P. 8th Cir. 2006).  In this case, however, neither the district court nor the appellate court in response to a properly filed motion for sanctions before it awarded damages or costs to RCS or the Debtor.

Many courts have held that bankruptcy courts do not have "equitable jurisdiction" to award fees for an appeal or sanctions for a frivolous appeal.  An appellate court, however, may award such sanctions under Fed. R. App. P. 38.  See, In re DN Associates, 165 B.R. 344 (Bankr. D. Maine

1994); In re Vasseli, 5 F.3d 351 (9th Cir. 1993). The proper court to impose sanctions for filing a frivolous appeal is the Court hearing the appeal.

No motions for sanctions regarding frivolous appeals were made before either the District Court or the Sixth Circuit Court of Appeals. Neither of those courts awarded attorneys' fees in connection with the appellate work in this case. This Court does not have the authority to now issue sanctions in connection with those appeals.

RCS was not a litigant in the bankruptcy case of the Debtor, but rather served as its financial advisor. It only became involved as a litigant in the appeals. The Court finds it most significant that the Debtor is no longer prosecuting the Motion for Sanctions. Instead, all filings since the Motion for Sanctions have been by RCS. The Court finds this dispositive of the Motion for Sanctions currently pending before the Court. Since the relief sought is for attorneys' fees for RCS in connection with the appeals, this Court has no authority to award such sanctions and finds that RCS does not have standing to pursue a Motion for Sanctions for activity that took place during the bankruptcy. The Court also finds that even if Debtor were pursuing the Motion for Sanctions, this Court does not find that the filings by Cadle before it support an award for sanctions. Accordingly, the Court finds no basis for the Motion for Sanctions and Cadle's Motion *in Limine* is moot. By separate Order, the Court will entered an Order denying the Motion for Sanctions and remanding the evidentiary hearing schedule for August 12, 2010.

## CONCLUSION

For all of the above reasons, the Motion *in Limine* of Cadle No. 1 is moot. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

-4-

Joan A. Lloyd
United States Bankruptcy Judge
Dated: August 10, 2010

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| FASHION SHOP OF KENTUCKY, INC. | ) | CASE NO.: 06-31697(1)(11) |
| | ) | |
| Debtor(s) | ) | |

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for Sanctions filed by Debtor Fashion Shop and Retail Consulting Services, Inc., be and hereby is, **DENIED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Motion *in Limine* of Cadle No. 1, be and hereby is moot.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: August 10, 2010

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| FASHION SHOP OF KENTUCKY, INC. ) | CASE NO.: 06-31697(1)(11) |
| ) | |
| Debtor(s) ) | |

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the hearing scheduled for August 12, 2010, on the Motion for Sanctions filed by Debtor Fashion Shop and Retail Consulting Services, Inc., be and hereby is, **REMANDED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: August 10, 2010